302 A.2d 298.

IRENE L. CHAMPLIN vs. JAMES E. CHAMPLIN.

APRIL 3, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is a domestic relations matter arising out of a 1958 divorce, and involves two motions filed in the Family Court in 1970. One motion was by the petitioner-mother on behalf of the parties' minor child who was in her custody. She asked that the respondent-father be adjudged in contempt for being in arrears on a support order which was entered in 1961 and modified the final decree in divorce by increasing the weekly amount payable for the child's support from $18 to $21. The other motion was filed by the respondent-father. He asked that he be allowed to pay the arrearage in small weekly payments, and that the 1961 support order be modified because he could not "afford to pay" the $21 weekly payment therein decreed.

The motions were consolidated, and after taking evidence and hearing arguments, a Family Court justice, in a bench decision, directed the respondent-father to pay the arrearages, amounting to $912, at the rate of $2 per week; modi-

fied the existing support order by reducing the weekly payment from $21 to $18; and directed the respondent-father to pay opposing counsel the sum of $200 for services rendered in the prosecution and defense of the motions. The petitioner-mother appealed from a decree embodying those findings.

. The only issue which the parties have briefed and argued is whether the trial justice erred when he reduced the weekly support order to $18 on the ground "that there has been a change in circumstances." *Heatherton* v. *Heatherton*, 110 R. I. 144, 146, 290 A.2d 912, 913-14 (1972), decided less than a year ago, states that an "indispensable precedent" to that order was a showing by the father-respondent

> . "* * * that since the prior decree there has been either an abatement of the needs of his [child] or an impairment of his own financial ability to provide for those needs. Any modification resulting from such a showing must be based upon relating the [child's] then current needs and welfare to the father's then demonstrated ability to provide for those needs and that welfare."

That prerequisite was not established in this case. The father produced comparative income figures for 1961 and the present, and in addition offered evidence of his ability to meet his child's present needs, concededly increased since 1961. He failed, however, to offer any evidence whatsoever with respect to his 1961 financial commitments and obligations. That omission made it impossible for the trial justice to determine whether his ability to meet his child's needs is less now than it was in 1961. Without a showing of an impairment of his ability to meet those needs, he was not entitled to relief.

The petitioner's appeal is sustained. So much of the decree appealed from as modifies the 1961 support order is reversed, the remainder of that decree is affirmed and the

case is remitted to the Family Court for further proceedings.

*Leonard A. Kamaras,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.